OPINION
{¶ 1} Plaintiff-appellant State of Ohio appeals a decision of the Greene County Court of Common Pleas which sustained defendant-appellee Kevin J. Glass' motion for a new trial after it was discovered that one of the jurors, P.C., was acquainted with not only Glass, but also the complaining witness and her family. P.C. and Glass were both coaches for different grade *Page 2 
levels in the same youth football league. The alleged victim, however, was a cheerleader on the football team that P.C. coached, and the victim's brother was a member of the football team also coached by P.C.
 {¶ 2} Based on PC.'s failure to disclose his prior relationship with the victim and her family, the trial court sustained Glass' motion for new trial in a written decision filed on December 20, 2007. The State filed a timely appeal with this Court on January 22, 2008.
 I {¶ 3} On January 4, 2007, Glass was charged by secret indictment with one count of gross sexual imposition, a violation of R.C. § 2907.05(A)(4), a felony of the third degree, and one count of importuning, a violation of R.C. § 2907.07(A), a felony of the fourth degree.
 {¶ 4} At his arraignment on February 9, 2007, Glass pled not guilty to both counts in the indictment. The case proceeded to jury trial on April 30, 2007. Ultimately, Glass was found guilty of importuning, but the jury found him not guilty of gross sexual imposition. On May 16, 2007, Glass filed a motion for new trial based on the failure of PC. to disclose that he was acquainted with the complaining witness and her family. The State filed a memorandum in opposition in which it requested a hearing before the trial court. After a hearing was held on said motion on December 4, 2007, the trial court issued a written decision on December 20, 2007, in which it sustained Glass' motion for a new trial holding that P.C. committed juror misconduct when he deliberately withheld his prior relationship with the complaining witness and her family.
 {¶ 5} It is from this judgment that the State now appeals.
 II *Page 3 {¶ 6} The State's sole assignment of error is as follows:
 {¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DETERMINED THAT THE STATE HAS THE BURDEN OF PROVING THAT JUROR MISCONDUCT IS NOT PREJUDICIAL."
 {¶ 8} In its sole assignment, the State contends that the trial court erred when it shifted the burden to the appellant to prove that the alleged juror misconduct of PC. was not prejudicial to Glass. Thus, the State argues that Glass' motion for a new trial was improvidently granted. We, however, do not reach the merits of the State's appeal because the State failed to seek the leave of this Court to file said appeal pursuant to R.C. § 2945.67(A), which states in pertinent part:
 {¶ 9} "(A) A prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case, * * * which decision grants a motion to dismiss all or any part of the indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post-conviction relief pursuant to sections 2953.21 to 2953.24† of the Revised Code, and may appeal byleave of court to which the appeal is taken any other decision, exceptthe final verdict, of the trial court in a criminal case. * * *." (Emphasis added).
 {¶ 10} In the instant case, the trial court sustained Glass' motion for a new trial due to juror misconduct which allegedly impacted his right to fair trial. Pursuant to the unambiguous language contained in R.C. § 2945.67(A), the State was required to seek the leave of this Court in order to appeal the ruling of the trial court which granted Glass' motion for a new trial. The trial court's grant of a motion for a new trial, unlike an appeal from the grant of a motion to suppress, does not entitle the State to an appeal as a matter of right of the court's grant of a *Page 4 
motion for new trial.
 {¶ 11} Further, a motion for leave to appeal by the State in a criminal case is governed by the procedural and temporal requirements set forth in App. R. 5(C). In the future, should another situation arise wherein the State seeks to appeal a ruling of the trial court that does not result in an appeal as a matter of right, the State should be mindful of the requirements of App. R. 5(C), which states in pertinent part:
 {¶ 12} "(C) Motion by prosecution for leave to appeal
 {¶ 13} "When leave is sought by the prosecution from the court of appeals to appeal a judgment or order of the trial court, a motion for leave to appeal shall be filed with the court of appeals within thirty days from the entry of the judgment and order sought to be appealed and shall set forth the errors that the movant claims occurred in the proceedings of the trial court. The motion shall be accompanied by affidavits, or by the parts of the record upon which the movant relies, to show the probability that the errors claimed did in fact occur, and by a brief or memorandum of law in support of the movant's claims. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App. R. 3 and file a copy of the notice of appeal in the court of appeals. The movant also shall furnish a copy of the motion and and a copy of the notice of appeal to the clerk of the court of appeals who shall serve the notice of appeal and a copy of the motion for leave to appeal upon the attorney for the defendant who, within thirty days from the filing of the motion, may file affidavits, parts of the record, and brief or memorandum of law to refute the claims of the movant."
 {¶ 14} Because the State failed to seek the leave of this Court to appeal the trial court's *Page 5 
grant of a motion for a new trial pursuant to R.C. § 2945.67(A), we are without jurisdiction to review the instant appeal.
 {¶ 15} The appeal is dismissed.
GRADY, J., and WOLFF, J., concur.
(Hon. William H. Wolff, Jr., retired from the Second District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1